

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**GABRIEL P. HARVIS**
Assistant Corporation Counsel
Phone: (212) 788-1816
Fax: (212) 788-0367
gharvis@law.nyc.gov

July 6, 2007

ENDORSED ORDER
Application granted.
so /s/
7/6/07

**BY FAX**
Honorable Michael H. Dolinger
United States Magistrate Judge
United States District Courthouse
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

Re: Marvin Sanders v. New York City Department of Corrections, et al.
07 CV 3390 (SHS)(MHD)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to this matter. I write to respectfully request an enlargement of time from July 9, 2007, until September 9, 2007, to answer or otherwise respond to plaintiff's complaint on behalf of defendants Horn and Squillante. Plaintiff is currently incarcerated and is proceeding *pro se*; therefore, he could not be reached for his consent to this application.

In the complaint, plaintiff appears to allege, *inter alia*, that he was assaulted by a fellow inmate at Rikers Island and that employees of the New York City Department of Correction failed to protect him from the assault. Plaintiff further alleges that he was injured during the assault and that he was denied prompt medical treatment for his injuries.

There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Accordingly, it is necessary for this office to acquire sufficient information concerning this incident in order to properly assess the case and respond to the complaint. To that end this office is in the process of requesting from the Department of Correction the pertinent documents relating to plaintiff and the alleged incident in question. Further, since plaintiff is claiming that he was injured during this incident, this office will be forwarding to plaintiff for execution releases so that we can access his medical records from Correctional Health Services on Rikers Island. Defendants cannot obtain these

records without the releases, and without the records, defendants cannot properly assess this case or respond to the complaint.

Second, defendants Horn and Squillante appear to have been served with process. The enlargement will allow this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individual defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Further, the extension should also allow time for plaintiff to serve any other individual officers whom have not yet been served with process.

Accordingly, defendants Martin Horn and Frank Squillante respectfully request that their time to respond to the complaint be extended to September 9, 2007. Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis (GH2772)
Assistant Corporation Counsel

cc:   Marvin Sanders (by First Class Mail)
      *Plaintiff Pro se*
      #06-R-1440
      Marcy Correctional Facility
      P.O. Box 3600
      Marcy, New York 13403-3600