UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
MARVIN SANDERS, :
:
                            Plaintiff, :
:
     -against- :
:  07-cv-3390 (SHS)
:
NEW YORK CITY DEPARTMENT OF :  MEMORANDUM OPINION
CORRECTIONS; MARTIN F. HORN, Commissioner; :  & ORDER
CAPTAIN LOCKHARD, Security Capt. North :
Infirmary Command; JEROME I. DAVIS, Dep. of :
Security, N.I.C.; C.O. DAVIS, N.I.C.; :
C.O. D'AMMICO; FRANK SQUILLANTE, :
Warden, N.I.C. :
:
                          Defendants. :
:
-------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Plaintiff Marvin Sanders brings this action pro se pursuant to 42 U.S.C. § 1983 against defendant New York City Department of Corrections ("DOC") and defendants Martin F. Horn, Jerome I. Davis, Frank Squillante, "Captain Lockhard," "C.O. Davis, N.I.C.," and "C.O. D'Ammico" in their individual capacities.[1] The lawsuit arises from injuries suffered by Sanders at the hands of a fellow prisoner while incarcerated at Rikers Island in April 2003. Read liberally, the complaint alleges that defendants denied Sanders his constitutional rights through their (1) deliberate indifference to his personal safety, and (2) deliberate indifference to his medical needs. Plaintiff seeks $350,000,000.00 in damages.

---

[1] As discussed further below, while "Captain Lockhard," "C.O. Davis, N.I.C.," and "C.O. D'Ammico" were named in plaintiff's complaint, they were never served with the summons and complaint and therefore are not formally parties to this litigation.

Following discovery, defendants have moved for summary judgment on all claims, arguing that (1) plaintiff's claims are time barred by the applicable statute of limitations; (2) plaintiff fails to allege the personal involvement of any of the properly named and served defendants; (3) plaintiff fails to state a claim for deliberate indifference under section 1983; and (4) plaintiff can not demonstrate deliberate indifference to his medical needs.[2] Because the Court finds that no issues of material fact remain in dispute and that defendants are entitled to judgment as a matter of law, summary judgment is granted to defendants on all claims.

## I. BACKGROUND

Viewing the evidence in the light most favorable to plaintiff on defendants' motion for summary judgment and resolving all factual disputes in his favor, the following facts are relevant to the present motion:

In April 2003, plaintiff Marvin Sanders was housed, as a pre-trial detainee, in the North Infirmary Command Facility of New York City Department of Corrections, located on Rikers Island. On the evening of April 27, 2003, Sanders learned of a threat to him made by another prisoner, Raheim Kyser ("Kareem")[3] (Dep. of Marvin Sanders dated Mar. 19, 2008 ("Sanders Dep.") at 49:20-50:12.) The threat was brought to the attention of a correction officer on duty, "Ms. Johnson," who brought Sanders and Kareem

---

[2] Defendants also assert, in support of their motion for summary judgment, that (1) the City defendants are protected by the doctrine of qualified immunity; (2) The New York City Department of Corrections is not a suable entity; and (3) plaintiff cannot sustain any state law claims against City defendants. (Defs.' Mem. of Law in Supp. of Mot. for Summ. J. dated June 30, 2008, 2). First, the Court is able to resolve this motion without addressing issues of qualified immunity and therefore expresses no opinion regarding the subject. Second, as discussed further below, the Court will substitute the City of New York for the Department of Corrections as a named defendant. Finally, after reviewing the complaint, the Court finds it asserts no state law claims.

[3] Because Mr. Kyser is referred to as "Kareem" by plaintiff, the Court will also refer to Mr. Kyser as Kareem.

2

together to discuss the matter at approximately 10:30 p.m. and was assured by both men at that time that no further trouble would ensue. (Sanders Dep. at 52:21-54:17.)

Unable to sleep, however, Sanders alerted the overnight supervisor, "Captain Lockhard," that he "[didn't] feel comfortable," some time between 1 and 3 a.m. (Sanders Dep. at 55:18-56:25.)[4] While Sanders told Lockhard that "I feel my life is in danger" (Sanders Dep. at 57:2) and requested to be relocated to another unit, he did not specify the basis for his fear, and, in particular, made no mention of Kareem or the alleged threat made earlier that evening. (Sanders Dep. at 57:22 -58:16.) Captain Lockhard was unsympathetic to Sanders' fears and told him to "get on your F-ing bunk." (Sanders Dep. at 56:16-25; 57:10.)

At approximately 4 a.m. on the morning of April 28, 2003,[5] Sanders was attacked by Kareem, resulting in a four-inch laceration along the right side of Sanders' face. Sanders immediately notified prison guards of the attack and was promptly removed from his cell and taken first to the prison intake center and then transferred to an urgent care center. (Sanders Dep. at.78:10 -79:11.) At approximately 5:30 a.m. Sanders received nearly fifty sutures to close the wound. (Injury to Inmate Report dated Apr. 28, 2003, Ex. F to Decl. of Gabriel Harris dated June 30, 2008 ("Harris Decl.").) As a result of the attack, Sanders has a four-inch scar on his face, and complains of discomfort and lasting psychological trauma. (Sanders Dep. at 68:17-69:4; 90:9-91:16.)

On September 29, 2003, plaintiff filed a lawsuit naming the DOC, Martin F. Horn, "Captain Lockhard," Jerome I. Davis, "C.O. Davis," "C.O. D'Ammico," and Frank

---

[4] Plaintiff's memory of the time this conversation took place has ranged from 1 to 3 a.m. For purposes of the the pending motion, the exact time of the conversation is irrelevant.

[5] Plaintiff's complaint alleges the events in question occurred on the morning of April 29, 2003. Having reviewed the entire record, including prison and medical reports, the Court is satisfied the events in question actually occurred on the morning of April 28, 2003.

Squillante as defendants. The complaint can be fairly read to allege deliberate indifference by defendants to plaintiff's safety and his medical needs while in custody. Sanders v. Dep't of Corrections, et al., 03-civ-7668 (S.D.N.Y. Sept. 29, 2003) (complaint). That action was assigned to Judge Richard Conway Casey, who referred the matter for general pretrial proceedings to Magistrate Judge Richard Ellis.

On October 11, 2005, Magistrate Judge Ellis issued a Report and Recommendation. Finding that the plaintiff had never served any of the defendants with the summons or a copy of the complaint, Magistrate Judge Ellis recommended the suit be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). Sanders v. Dep't of Corrections, et. al., 03-civ-7668 (S.D.N.Y. Oct. 11, 2005). A copy of the Report and Recommendation was mailed to defendants and to plaintiff at the Rikers Island address provided by him, informing the parties of the recommended course of action and instructing them to file any written objections within ten days. No party filed objections, and, on November 5, 2003, Judge Casey issued an order adopting Magistrate Judge Ellis's recommendation in its entirety and dismissing the suit. Sanders v. Dep't of Corrections, et al., No. 03-civ-7668 (S.D.N.Y. Nov. 3, 2005).

On April 27, 2007, plaintiff instigated the present action by filing a complaint naming the same defendants and raising the same substantive claims as in the first suit. Plaintiff averred the new action should be allowed to proceed due to "mitigating circumstances," in particular, that defendants "did not hand to Plaintiff, mail from the Court, thus forcing a dismissal." (Compl. at 1.) This litigation was assigned to this Court and was referred to Magistrate Judge Michael H. Dolinger for general pretrial proceedings.

4

Under Magistrate Judge Dolinger's supervision, the parties proceeded with discovery, and defendants deposed plaintiff in March 2008. Plaintiff moved for appointment of counsel to assist in the prosecution of this case, and on June 20, 2008, Magistrate Judge Dolinger issued an order granting that motion. Sanders v. Dept' of Corrections, et. al., No. 07-civ-3390 (S.D.N.Y. July 9, 2008).

On June 30, 2008, defendants moved for summary judgment. By letter dated August 8, 2008, Magistrate Judge Dolinger informed plaintiff that he would have to respond to defendants' motion regardless of whether or not appointed counsel had yet been provided and that any response would be due by August 30, 2008. (Letter from Magistrate Judge Michael T. Dolinger to Marvin Sanders, dated Aug. 8, 2008.) To date, no response from plaintiff has been received.

**II.    ANALYSIS**

    A.    The Summary Judgment Standard

Summary judgment is appropriate if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists where the record taken as a whole could lead a reasonable trier of fact to find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In determining whether a genuine issue of material fact exists, the Court "is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). Where the non-moving party is a pro se litigant, the court must

"liberally construe his pleadings" so as to "interpret his complaint to raise the strongest arguments it suggests." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The non-moving party, however, "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence" in support of its factual assertions. D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

The court has a special obligation to ensure that a pro se litigant is aware of the consequences of a motion for summary judgment. Irby v. N.Y. City Transit Auth., 262 F.3d 412, 414 (2d Cir. 2001) (per curiam); see also S.D.N.Y. R. 56.2 (represented party must inform pro se opponent of consequences of motion for summary judgment).[6] A party's failure to oppose summary judgment can not serve, in and of itself, as grounds for granting the motion. Vt. Teddy Bear Co., Inc. v. 1-800-BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2008). Even when a summary judgment motion is unopposed, the district court has the responsibility to search the entire record to determine if issues of material fact remain in dispute. Giannullo v. City of N.Y., 322 F.3d 139, 143 n.5 (2d Cir. 2003) (failure to do so "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

B.    Statute of Limitations

Claims brought pursuant to 28 U.S.C. § 1983 are subject to the statute of limitations imposed by the appropriate state's law for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). In New York, the applicable statute of limitations is three years, and it begins to run "once the plaintiff knows of the injury on which a claim is based." Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997) (citations omitted).

---

[6] Plaintiff was served with that notice pursuant to local rule 56.2 on August 13, 2008.

6

Here, the events and injuries underlying plaintiff's claims occurred on April 27-28, 2003. (Def.'s Local Civil Rule 56.1 Statement of Undisputed Facts ("Def.'s 56.1") ¶¶ 8-10, 18.) The three-year statute of limitations for any claims arising from those events therefore expired on April 28, 2006. Being as generous as possible to the plaintiff in terms of the statute of limitations, this Court is prepared to accept that the present suit was "filed" the very day it was signed and witnessed—March 15, 2007. That date is almost one year after the statute of limitations expired.

As noted above, however, Sanders had previously filed, within the applicable statute of limitations, a suit raising the same claims as in this action and premised on the same events. That suit, filed in August 2003, was dismissed without prejudice in November 2005 for failure to comply with Fed. R. Civ. P. 4(m). Sanders v. New York City Dep't of Corrections, et al., 03-cv-7688 (S.D.N.Y. Nov. 3, 2005). Plaintiff contends, in his present complaint and at his deposition, that defendants improperly denied him access to mailings and information regarding the status of that case, thereby precluding him from filing objections to the magistrate's recommendation that the action be dismissed pursuant to Fed. R. Civ. P. 4(m). (Compl. at 1; Sanders Dep. at 126:12-16.) Assessing plaintiff's complaint in the most favorable light, it can be read to assert that the statute of limitations should be tolled to account for the delay he alleges defendants caused in his prosecution of this case.

Although federal law determines when a section 1983 action accrues, courts look to state tolling rules to determine whether the statute of limitations should be tolled. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). New York law recognizes the doctrines of equitable tolling and equitable estoppel, which can overcome a statute of

7

limitations defense if the "plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Abbas, 480 F.3d at 642. However, if a "plaintiff cannot articulate any acts by defendants that prevented him from commencing suit, then he has failed to meet his burden of showing he was wrongfully induced by defendants not to commence suit." Id. (citing authority) (internal alterations, quotations omitted).

The doctrine of equitable estoppel is unavailing for Sanders here for two reasons. First, he is unable to point to any specific fraudulent, misrepresentative, or deceptive statements or acts by defendants that precluded him from filing or prosecuting this suit in a timely fashion. Plaintiff's sole allegation in this regard—that defendants somehow denied him access to Magistrate Judge Ellis's Report and Recommendation informing him that the first suit was to be dismissed—is neither sufficiently specific nor supported by anything beyond plaintiff's bare assertion.

Second, plaintiff's failure to receive Magistrate Judge Ellis' Report, assuming he did not in fact receive it, appears to be the result of his own omission. Defendants contend, and Sanders does not deny, that he was no longer at the same address listed on his complaint at the time Magistrate Judge Ellis issued his Report in October of 2005.[7] Plaintiff argues, however, that defendants were aware of his new location and were under an obligation to ensure that mail sent to him at his previous prison address was properly forwarded. (Sanders Dep. at 103:12-18.) This is simply not the case. See Handlin v. Garvey, No. 91-civ-6777, 1996 U.S. Dist. LEXIS 17281, at *13 (S.D.N.Y. Nov. 20,

---

[7] There is some disagreement in the record over precisely where Sanders was located on October 11, 2005. Defendants contend Sanders had been released from DOC confinement on October 4, 2005, and therefore was no longer under their control. (Def's 56.1 ¶ 34.) Plaintiff suggests he was "on Rikers Island in C-76" at the time (Sanders Dep. at 103:14.) The dispute need not be resolved at this stage, however, since the Court is able to conclude that, by any account, the plaintiff had changed addresses since filing his complaint and had not notified the court of his change of address.

8

1996) (duty to inform court of change of address is "an obligation that rests with all pro se plaintiffs").[8]

Nevertheless, a litigant is entitled to notice and an opportunity to be heard before his suit is dismissed, even if the dismissal is without prejudice. Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999). Unless it is "unmistakably clear" that the complaint is defective, the Second Circuit has decried as "bad practice" dismissal "without affording a plaintiff to be heard in opposition." Id. Constitutionally sufficient notice need not be actual notice but must at least be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Here, such notice was provided when Magistrate Judge Ellis mailed a copy of his Report and Recommendation to Sanders, directing him to respond with any objections by a certain date. The notice was reasonably calculated to apprise Sanders of his rights—it was sent, via U.S. Mail, to the address listed by Sanders on his complaint. If Sanders had been transferred or released by then, he was under an obligation to inform the court of his new contact information. Handlin, 1996 U.S. Dist. LEXIS 17281, at *13; see also Dong v. United States, No. 02-civ-7751, 2004 U.S. Dist. LEXIS 3125 (S.D.N.Y. Mar. 2, 2004). It was neither the court's nor the defendants' obligation to monitor plaintiff's movements or to independently update their records. Dansby v. Albany County Corr. Facility Staff, No. 95-cv-1525, 1996 U.S. Dist. LEXIS 4782, at *1 (W.D.N.Y. Apr. 10, 1996) (collecting cases).

---

[8] Finally, it is worth noting that plaintiff offers no explanation whatsoever for his failure to serve defendants in the first action during the nearly two years between filing his complaint and the time at which Magistrate Judge Ellis issued his Report and Recommendation.

9

Sanders' complaint, in sum, was filed after the three-year statute of limitations had run and cannot be saved through equitable tolling.[9]  Moreover, he was given legally sufficient notice that his initial action would be dismissed before the court in fact dismissed it.  His present suit is therefore time barred and must be dismissed.

C.      Lack of Personal Involvement of Served Defendants

In a section 1983 action, a plaintiff must allege with specificity the personal involvement of each named defendant in the alleged constitutional deprivations.  Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (personal involvement is a "prerequisite to an award of damages under § 1983").  Here, while plaintiff named seven defendants in his complaint, only defendants Horn, Squillante, Jerome Davis, and the City of New York were properly served.[10]  Defendants Captain Lockhard, Corrections Officer Keisha Davis (sued as "C.O. Davis, N.I.C."), and C.O. D'Ammico were never served, and the Court therefore dismisses the complaint against them pursuant to Fed. R. Civ. P. 4(m).

Because plaintiff has failed to allege sufficiently the personal involvement of the remaining defendants—Commissioner Martin Horn, Warden Frank Squillante, and Assistant Deputy Warden Jerome Davis ("supervisory defendants")—or to allege a custom or policy sufficient to state a claim against the City, his complaint must be dismissed.

---

[9] Nor is Sanders entitled to take advantage of the filing date of his original action by "relating back" claims raised in the present complaint.  Federal Rule of Civil Procedure 15(c) credits parties making certain amendments to existing pleadings with the original filing date of those pleadings when considering whether subsequent amendments are time barred, but the rule—and the doctrine—has no applicability where, as here, the party files an entirely new complaint.  See Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000); see also Neverson v. Bissonnette, 261 F.3d 120, 126 (1st Cir. 2001) ("Rule 15(c) simply does not apply where . . . the party bringing suit did not seek to 'amend' or 'supplement' his original pleading, but, rather, opted to file an entirely new petition at a subsequent date.").

[10] Although Sanders named the New York City Department of Corrections as a defendant, city law provides that all actions "shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y. City Charter ch. 17 § 396.  Plaintiff successfully served a copy of the complaint on Corporation Counsel for the City of New York.  The Court will therefore substitute the City of New York for the Department of Corrections as a named defendant in this action.

10

### *1.   Supervisory Defendants*

Commissioner Horn, Warden Squillante, and Assistant Deputy Warden Davis are all DOC supervisors. A plaintiff can establish the personal involvement of a supervisory employee in a section 1983 action through evidence that: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." Id. (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Williams v. Smith, 781 F.2d 319, 323-23 (2d Cir. 1986))).

On its face, plaintiff's complaint fails to allege any of the above. Indeed, the complaint fails to mention any of the supervisory defendants beyond the initial caption, a fact plaintiff concedes (Sanders Dep. at 111:13-112:1.) and instead focuses on the alleged misconduct of "Captain Lockhard" and Corrections Officer Keisha Davis, neither of whom has been served with the complaint.

In his subsequent deposition, plaintiff suggested that the served defendants failed to supervise, train, and instruct Lockhard and Corrections Officer Davis. (E.g., Sanders Dep. at 113:22-114:10). Such allegations are not contained in the complaint, and, moreover, plaintiff has been unable to point to concrete evidence of any failure to supervise, train, or instruct by the served defendants. In fact, plaintiff has provided no

11

evidence linking the named supervisory defendants in any way to the events underlying plaintiff's claims or even suggesting awareness by them of these events.

Plaintiff's "bare assertions," which were not present in his complaint and which lack any supporting evidence, are insufficient to survive summary judgment. The complaints therefore must be dismissed against the supervisory defendants.

### 2. *City of New York*

For a municipality to have "personal involvement" for purposes of a section 1983 claim, a plaintiff must establish (i) "the existence of a municipal policy or custom" and (ii) a "causal connection . . . between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 818-23 (1985)). The policy or custom requirement can be met by alleging the existence of "(1) a formal policy officially endorsed by the municipality, (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question, (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials, (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Allan v. City of New York, 386 F. Supp. 2d 542, 545 n.3 (S.D.N.Y. 2005) (internal citations omitted).

The complaint fails to make any such allegations. In particular, Sanders fails to allege the existence of any custom or policy even remotely related to the harms he suffered, let alone a causal connection between a custom or policy and his injuries. The

12

absence of such allegations, coupled with Sanders's failure to adduce any evidence of "personal involvement" by New York City, is fatal to his complaint against it, and his claims against the City must therefore also be dismissed.

    D.    <u>The Merits</u>

While plaintiff's action must be dismissed first as time barred and second because it fails to allege the personal involvement of any of the defendants still a party to the suit, the Court is also able to conclude on the basis of this record that no issues of material fact remain in dispute and that defendants are entitled to judgment as a matter of law on each of plaintiff's claims.

The complaint can be read to assert two potentially cognizable section 1983 claims: deliberate indifference to plaintiff's safety, and deliberate indifference to plaintiff's medical needs. Both claims turn on a showing of "deliberate indifference" by defendants, a term the Supreme Court has explained "describes a state of mind more blameworthy than negligence." <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994). Establishing deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." <u>Id.</u> at 837. To meet that standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." <u>Id.</u> Where the defendant is a municipality, plaintiff must establish a policy or custom of permitting such deliberate indifference, or a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference. <u>Cf.</u> <u>Allan</u>, 386 F. Supp. at 545 n.3.

Plaintiff here makes no allegations and offers no evidence sufficient to support a deliberate indifference cause of action in this case. Indeed, as discussed above, plaintiff has failed to allege the personal involvement of any of the served defendants (or the existence of a policy or custom in the case of the City), let alone to allege or adduce evidence of actual knowledge and deliberate indifference on their part. While plaintiff's complaint could be read to allege facts that could conceivably support a finding of deliberate indifference by one or more of the corrections officers present on the evening of the attack, none of them is a party to this action.

On the merits, therefore, defendants are entitled to judgment as a matter of law on each of plaintiff's claims.

## IV. CONCLUSION

Because this action is time barred and the complaint fails to allege the personal involvement of any of the defendants who have been served with the complaint, it must be dismissed. In addition, the Court finds that no issues of material fact remain in dispute regarding plaintiff's substantive claims, and that defendants are entitled to judgment as a matter of law on each of them. Accordingly, defendants' motion for summary judgment is granted. The Clerk of Court is directed to enter judgment dismissing the complaint.

Dated: New York, New York
January 30, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.